UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DIQUAN BOOKER,

                              Plaintiff,

       v.

OFFICER LARETTE,

                              Defendant.

_____

9:25-CV-0641
(AMN/ML)

APPEARANCES:

DIQUAN BOOKER
Plaintiff, pro se
16-A-1691
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

HON. LETITIA JAMES
New York State Attorney General
Attorney for Larette
The Capitol
Albany, NY 12224

ALEXANDRA L. GALUS, ESQ.
Ass't Attorney General

MIROSLAV LOVRIC
United States Magistrate Judge

**REPORT-RECOMMENDATION AND ORDER**

## I.    INTRODUCTION

Plaintiff Diquan Booker commenced this action by filing a pro se civil rights complaint

pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in

1

forma pauperis ("IFP") and two motions for appointment of counsel.  Dkt. No. 1 ("Compl.");

Dkt. No. 7 ("IFP Application"); Dkt. No. 4 ("First Motion for Counsel"); Dkt. No. 8 ("Second

Motion for Counsel").

By Decision and Order entered on July 8, 2025, the Honorable Anne M. Nardacci

granted plaintiff's IFP Application and dismissed each of the claims in the complaint without

prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to

state a claim upon which relief may be granted.  *See generally*, Dkt. No. 9 ("July 2025

Order").  In light of plaintiff's pro se status, he was afforded an opportunity to submit an

amended complaint.  *Id*. at 11-13.[1]

Thereafter, the Court received the following from plaintiff: (1) a one-page submission

entitled "Amended Complaint," Dkt. No. 11; (2) a motion for appointment of counsel, Dkt. No.

12 ("Renewed Motion for Counsel"); and (3) a one-page submission entitled "Amended

Complaint page 2," Dkt. No. 13.

By Decision and Order entered on September 23, 2025, Judge Nardacci accepted

plaintiff's pleading submissions as his amended complaint, found that plaintiff's Eighth

Amendment sexual abuse claim against Corrections Officer Larette survived sua sponte

review and required a response, dismissed plaintiff's remaining claims without prejudice

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a

claim upon which relief may be granted, and denied the Renewed Motion for Counsel without

prejudice.  Dkt. No. 14 ("September 2025 Order").

---

[1]  Based on the dismissal of the complaint, plaintiff's motions for counsel were denied without prejudice as moot. *See* July 2025 Order at 12.

Following the completion of service, counsel for defendant Larette filed an answer to the complaint along with a motion to revoke plaintiff's IFP status and conditionally dismiss the pleading pursuant to 28 U.S.C. § 1915(g).  Dkt. No. 28 ("Answer"); Dkt. No. 29 ("Motion to Revoke").[2]  For the reasons explained below, the Court recommends that the Motion to Revoke be denied.

## II.    MOTION TO REVOKE

### A.    Relevant Legal Standard

28 U.S.C. § 1915(g), often referred to as the "three strikes" rule, provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"The manifest intent of Congress in enacting this . . . provision was to deter the filing of multiple, frivolous civil rights suits by prison inmates."  *Ross v. Smith*, No. 9:18-CV-0039 (GLS/TWD), 2019 WL 5197222, at *1 (N.D.N.Y. July 8, 2019) (citing *Tafari v. Hues*, 473 F.3d 440, 443-44 (2d Cir. 2007) (citing *Nicholas v. Tucker*, 114 F.3d 17, 19 (2d Cir. 1997))), *report*

---

[2]  Plaintiff currently has one other action pending in this District.  *See Booker v. Tedesco*, No. 25-CV-1323 (AMN/ML), Dkt. No. 1 (N.D.N.Y. filed 09/22/25).  On February 26, 2026, counsel filed a motion to revoke plaintiff's IFP status in that case.  *Id.*, Dkt. No. 24.  In response, plaintiff filed a letter notifying the Court that he is hospitalized and intends to prosecute the case when his health issue is resolved.  *Id.*, Dkt. No. 27.  By Report-Recommendation and Order entered on May 28, 2026, this Court recommended that the motion to revoke plaintiff's IFP status be denied.  *Id.*, Dkt. No. 28.

*and recommendation adopted by* 2019 WL 4126434 (N.D.N.Y. Aug. 30, 2019).  "The question of whether the dismissal of a prior action constitutes a strike for purposes of § 1915(g) is a matter of statutory interpretation, and as such a question for the Court."  *Id*.

## B.    Summary of the Motion to Revoke

In support of the Motion to Revoke, defendant Larette has identified the following four lawsuits previously brought by plaintiff which he contends were adjudicated on grounds that constitute a "strike" under 28 U.S.C. § 1915(g): (1) *Booker v. O'Brien*, No. 19-CV-3864, Dkt. No. 28 (E.D.N.Y. Oct. 16, 2019) ("Action 1"); (2) *Booker v. Flint*, No. 9:22-CV-0776, Dkt. No. 6 (N.D.N.Y. Sept. 2, 2022) ("Action 2"); (3) *Booker v. Doe*, 9:23-CV-0128, Dkt. No. 15 (N.D.N.Y. June 26, 2023) ("Action 3"); (4) *Booker v. Doe*, 9:23-CV-00451, Dkt. No. 8 (N.D.N.Y. June 26, 2023) ("Action 4").  *See* Dkt. No. 29-2 at 2.

Defendant Larette further argues that the imminent danger exception to Section 1915(g) does not apply in this case because plaintiff's allegations of wrongdoing are based on past harm, and the amended complaint does not include any allegations that plaintiff feared "physical injury" when he brought the action.  Dkt. No. 29-2 at 6-7.

## C.    Analysis

### 1.  Action 1

Action 1 was a civil rights action filed in the Eastern District of New York wherein plaintiff asserted claims against a state court judge and his court-appointed attorney based on allegations that his attorney failed to adequately represent him in a criminal proceeding and the trial judge refused his request for a new attorney.  *See* Action 1, Dkt. No. 1; Dkt. No. 28 at 2-3.  By Memorandum & Order entered on October 17, 2019, the Honorable Joanna Seybert

4

granted plaintiff's IFP application and sua sponte dismissed the federal claims in the complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), with the exception of plaintiff's Section 1983 claims seeking monetary damages against Judge Obrien, which were dismissed without prejudice for lack of subject matter jurisdiction. *See* Action 1, Dkt. No. 28 at 5-12. In light of the dismissal of plaintiff's federal claims, Judge Seybert expressly declined to exercise supplemental jurisdiction over any remaining state law claims plaintiff may have asserted and dismissed any such claims without prejudice. *Id*.

As an initial matter, Second Circuit law is clear that "a prisoner's entire 'action or appeal' must be dismissed on a § 1915(g) ground to count as a strike under the PLRA." *Escalera v. Samaritan Vill*., 938 F.3d 380, 382 (2d Cir. 2019) (explaining that "counting a partial § 1915(g) dismissal as a strike could result in the anomalous situation where a prisoner succeeds on some claims yet still accrues a strike if others are dismissed on § 1915(g) grounds"). Moreover, the Second Circuit has never held that the dismissal of action (or, in this case, a portion of an action) on immunity grounds constitutes a "strike" for purposes of 28 U.S.C. § 1915(g). *See Mills v. Fischer*, 645 F.3d 176, 177 n.2 (2d Cir. 2011) ("The criteria for accumulating strikes under § 1915(g) track two of the three grounds upon which 'the court shall dismiss [a] case' if they exist, § 1915(e)(2)(B)(i)-(ii), but do not include the third ground of 'seek[ing] monetary relief against a defendant who is immune from such relief,' § 1915(e)(2)(B)(iii)."); *see also Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013) ("[S]uing an immune defendant [is] a ground that does not support the accrual of a strike under § 1915(g)"); *Bonano v. Grant*, No. 25-CV-2808, 2025 WL 2307592, at *4 (S.D.N.Y. Aug. 11, 2025) ("Although the docket sheet in Vasquez, 03-CV-8189, suggests that the action was

resolved entirely on strike grounds, the dismissal order itself states that some claims are dismissed based on sovereign immunity, which is not listed in Section 1915(g) as a strike ground. . . . Vasquez thus appears to be a 'mixed dismissal' that does not qualify as a strike because the entire action was not dismissed on Section 1915(g) grounds."); *Thompson v. DEA*, 492 F.3d 428, 435-37 (D.C. Cir. 2007) (holding that dismissals for lack of subject matter jurisdiction are not 28 U.S.C. § 1915(g) strikes and suggesting that sovereign immunity dismissals are likewise not strikes). In addition, the law in this Circuit is clear that an order dismissing all federal claims asserted in a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is not a "strike" when the complaint also includes state law claims that are dismissed for lack of subject matter jurisdiction. *See Escalera*, 938 F.3d at 383-84.

Judge Seybert's Order expressly found that the Eleventh Amendment barred any Section 1983 claim for money damages against the state court judge and dismissed plaintiff's Section 1983 claims against his court-appointed attorney on state actor grounds. *See* Action 1, Dkt. No. 28, at 5-10. Furthermore, Judge Seybert was clear in her decision not to exercise supplemental jurisdiction over any intended state law claims. *See* Action 1, Dkt. No. 28, at 10. Thus, the Court finds the reasoning in *Escalera* applicable to the dismissal order in Action 1, and that it therefore does not constitute a "strike." *See also Talley v. Wetzel*, 15 F.4th 275 (3d Cir. 2021) (holding, where federal claims were dismissed for failure to state a claim, but the pendent state-law claims were dismissed based on the district court's decision to not exercise supplemental jurisdiction over the state-law claims, that the dismissal of the action does not count as a PLRA strike); *Fourstar v. Garden City Group, Inc.*, 875 F.3d 1147, 1152 (D.C. Cir. 2017) ("When a district court has declined to exercise supplemental jurisdiction

6

over state-law claims, the court has not dismissed the state-law claims for failure to state a claim, nor has the court dismissed the state-law claims as frivolous or malicious. Therefore, a case in which a court declines to exercise supplemental jurisdiction over state-law claims does not count as a strike.") (Kavanaugh, J.); *Harris v. Harris*, 935 F.3d 670, 674 (9th Cir. 2016) (same); *Cannon v. New York State Dep't of Corr. & Cmty. Supervision*, No. 23-CV-0837, 2023 WL 2898665, at *1 (S.D.N.Y. Apr. 10, 2023) (finding that an order dismissing all of a plaintiff's federal claims for failure to state a claim and declining to exercise supplemental jurisdiction "over any state law claims he may have, including his slander claim" was a mixed dismissal under *Escalera* and therefore not a strike (quotation marks added from referenced order)); *Fate v. New York*, No. 19-CV-4107, 2021 WL 1177966, at *4 (S.D.N.Y. Mar. 26, 2021) (finding that an order dismissing a prisoner's complaint that was construed as "seek[ing] release from custody and monetary damages" based on allegations of illegally extending his sentence beyond his maximum release date was not a "strike" because the order also stated that "to the extent that Plaintiff's 'submission [could] be construed as a § 2254 petition,' it had to be dismissed" for failure to demonstrate exhaustion of available state court remedies).

Accordingly, the Court finds that plaintiff did not accrue a strike from the dismissal order entered in Action 1.

### 2. Action 2

Action 2 involved a complaint that was filed shortly after plaintiff commenced a separate action against two of the same officials. *See* Action 2, Dkt. No. 1 (N.D.N.Y. filed July 25, 2022); *Booker v. Flint*, No. 9:22-CV-0600, Dkt. No. 2 (N.D.N.Y. filed May 17, 2022) ("*Booker v. Flint I*"). By Decision and Order entered on September 2, 2022, Judge D'Agostino

granted plaintiff's IFP application in Action 2, reviewed the complaint for sufficiency in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed certain of plaintiff's Section 1983 claims as duplicative of the claims asserted in *Booker v. Flint I*, and dismissed the remaining claims for failure to state a claim upon which relief may be granted, without prejudice to amendment and re-filing in *Booker v. Flint I*.  *See* Action 2, Dkt. No. 6.

Importantly, Judge D'Agostino did not dismiss plaintiff's Section 1983 claims in Action 2 as frivolous or malicious.  Thus, the dismissal of the Section 1983 claims in Action 2 without prejudice to re-filing in plaintiff's earlier filed action had the same force and effect as a dismissal without prejudice to re-filing in the existing action.  *See also Cannon v. New York State Dep't of Corr. & Cmty. Supervision*, No. 23-CV-0837, 2023 WL 2898665, at \*4 (S.D.N.Y. Apr. 10, 2023) ("Plaintiff brought other actions that were dismissed voluntarily, dismissed as duplicative of another pending action, or dismissed for failure to prosecute, none of which qualify as strikes."); *Toliver v. Colvin*, No. 12-CV-00227V(F), 2016 WL 11258222, at \*9 (W.D.N.Y. Sept. 28, 2016) ("Although dismissal of an action as duplicative of another action is not among the specifically enumerated strikes under § 1915(g), and the Second Circuit has not addressed whether the dismissal of an action solely on the basis that it is duplicative of an earlier action constitutes a strike for purposes of the three strikes rule, the Second Circuit's instruction that 'the term 'frivolous' refers to the ultimate merits of the case' strongly implies that the dismissal of an action merely because the action is duplicative of an earlier action is not, by itself, sufficient to qualify as a strike under § 1915(g); rather, the earlier action must have been dismissed on the merits."), *report and recommendation adopted as modified by* 2017 WL 547963 (W.D.N.Y. Feb. 10, 2017).

8

Moreover, as the Second Circuit recently explained, "where a complaint is dismissed but a plaintiff is given leave to amend the complaint, there is no strike 'because the suit continues' and therefore 'the court's action falls outside of Section 1915(g).'" *Cotton v. Noeth*, 96 F.4th 249, 256 (2d Cir. 2024) (quoting *Lomax v. Ortiz-Marquez*, 590 U.S. ——, 140 S. Ct. 1721 (2020)).  A plaintiff's subsequent failure to file an amended complaint after a dismissal with leave to amend also does not convert the dismissal order to "strike" status.  *Id*. (holding that "there was no dismissal for a reason enumerated in Section 1915(g)" where the plaintiff did not "file an amended complaint").

Although plaintiff filed an amended complaint in *Booker v. Flint I* after the dismissal order in Action 2, the amended complaint in that action did not include allegations similar to the allegations in Action 2 with respect to Corrections Officer John Doe and an alleged event that occurred on June 7, 2022.  *Compare* Action 2, Dkt. No. 1 *with Booker v. Flint I*, Dkt. No. 19.  Indeed, the amended complaint in *Booker v. Flint I* did not even name Corrections Officer John Doe as a defendant.  *See Booker v. Flint I*, Dkt. No. 19.  Thus, the reasoning in *Cotton* is applicable in this case.

Accordingly, the Court finds that plaintiff did not accrue a strike from the dismissal order entered in Action 2.

### 3. Summary

Based on the foregoing, the Court recommends that defendant Larette's motion to revoke plaintiff's IFP status and conditionally dismiss his complaint for failure to pay the filing fee be denied.[3]

## III.    CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED** that defendant's motion to revoke plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g) and conditionally dismiss the complaint for failure to pay the filing fee (Dkt. No. 29) be **DENIED**; and it is further

**ORDERED** that the Clerk provide plaintiff with a copy of this Report-Recommendation and Order, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[4] Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

---

[3] Because the Court has found that plaintiff did not accumulate a "strike" in Action 1 or Action 2, the Court need not address whether plaintiff accumulated a "strike" in Action 3 or Action 4.

[4] If you are proceeding pro se and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(c).

Dated: June 18, 2026

        Binghamton, NY

Miroslav Lovric
U.S. Magistrate Judge