**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DIQUAN BOOKER,

                            Plaintiff,

            v.                                                    9:25-cv-00641 (AMN/ML)

OFFICER LARETTE,

                            Defendant.

---

**APPEARANCES:**                                            **OF COUNSEL:**

**DIQUAN BOOKER**
16-A-1691
Marcy Correctional Facility
P.O. Box 3600
Marcy, New York 12201
Plaintiff *pro se*

**NEW YORK STATE OFFICE OF THE**              **ALEXANDRA L. GALUS, ESQ.**
**ATTORNEY GENERAL**
State Capitol
Albany, NY 12224
*Attorneys for Defendants*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

### I.      INTRODUCTION

On May 20, 2025, plaintiff *pro se* Diquan Booker ("Plaintiff"), an individual in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging that certain DOCCS employees had violated his civil rights. Dkt. No. 1. Plaintiff also filed an application to proceed *in forma pauperis* ("IFP") and a motion for appointment of counsel. Dkt. Nos. 2, 4. After this Court ordered an administrative closure on May 22 because Plaintiff's IFP application was

incomplete, Plaintiff completed his application, and the Court ordered the case reopened on May 23. *See* Dkt. Nos. 5-6. On June 9, 2025, Plaintiff filed a second application to proceed IFP, Dkt. No. 7, alongside a second motion for appointment of counsel, Dkt. No. 8.

On July 8, 2028, this Court granted Plaintiff's second IFP application, dismissed each of Plaintiff's claims without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted, and afforded Plaintiff leave to submit an amended complaint. *See generally* Dkt. No. 9.

Plaintiff submitted an amended complaint on July 21, 2025, Dkt. No. 11 ("Amended Complaint"), alongside a renewed motion for appointment of counsel, Dkt. No. 12. On September 23, this Court accepted the Amended Complaint as the operative pleading and dismissed each of Plaintiff's Section 1983 claims without prejudice, except for Plaintiff's Eighth Amendment sexual abuse claim against Officer Larette, which survived *sua sponte* review and required a response. Dkt. No. 14. The Court also denied Plaintiff's motion for appointment of counsel without prejudice. *Id.*

After service, Defendants filed an answer to the Complaint, Dkt. No. 28, as well as a motion to revoke plaintiff's IFP status and conditionally dismiss the pleading pursuant to 28 U.S.C. § 1915(g), Dkt. No. 29 (the "Motion"). This Court referred the Motion to Magistrate Judge Lovric, who, on June 18, 2026, recommended that the Court deny the Motion. Dkt. No. 32 at 10 ("Report-Recommendation").[1] Pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge Lovric advised that the parties had fourteen days within which to file written objections and that failure object to the

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

Report-Recommendation within those fourteen days would preclude appellate review. *Id.* No party has filed objections, and the time for filing objections has expired.

For the following reasons, the Court adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at

particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022).  After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

Because no party has filed any objection to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Defendants' Motion seeks to revoke Plaintiff's IFP status pursuant to the "three strikes" rule provided by the Prison Litigation Reform Act ("PLRA"), which states,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) ("Section 1915(g)").  Defendants assert that four actions previously brought by Plaintiff constitute strikes under this rule.  *See* Dkt. No. 32 at 4.  Defendants also argue that the imminent danger exception does not apply.  *See id.*

Magistrate Judge Lovric found that the first identified action, *Booker v. O'Brien*, No. 19-CV-3864, Dkt. No. 28 (E.D.N.Y. Oct. 16, 2019) ("Action 1"), does not constitute a strike.  Dkt. No. 28 at 4-7.  In that case, the court dismissed Plaintiff's federal claims against his attorney with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), but dismissed his claims for money damages against a trial judge without prejudice for lack of subject matter jurisdiction on the basis of judicial immunity.  *Id.* at 4-5.  Furthermore, to the extent that Plaintiff had any remaining state law claims, the court declined supplemental jurisdiction and dismissed any such claims without

prejudice. *Id.* at 5. Therefore, Magistrate Judge Lovric found that Plaintiff's entire action had not been dismissed on Section 1915(g) grounds, which is a condition necessary for a dismissed action to count as a strike. *Id.* (citing *Escalera v. Samaritan Vill.*, 938 F.3d 380, 382 (2d Cir. 2019)). Furthermore, Magistrate Judge Lovric noted that the Second Circuit has not explicitly held that actions dismissed on immunity grounds count as strikes under Section 1915(g) and that various courts have found that such dismissals do not constitute strikes. *Id.* at 6 (citing cases). Magistrate Judge Lovric also noted that the Second Circuit has clarified that "an order dismissing all federal claims asserted in a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is not a 'strike' when the complaint also includes state law claims that are dismissed for lack of subject matter jurisdiction." *Id.* at 5 (citing *Escalera*, 938 F.3d at 383-84).

As to the second identified action, *Booker v. Flint*, No. 9:22-CV-0776, Dkt. No. 6 (N.D.N.Y Sept. 2, 2022) ("Action 2"), Magistrate Judge Lovric also found that it does not constitute a strike. Dkt. No. 32 at 7-9. In Action 2, the court dismissed certain of Plaintiff's claims as duplicative of claims asserted in a previously filed case ("*Flint I*") and dismissed the remaining claims for failure to state a claim "without prejudice to amendment and re-filing" in *Flint I*. *Id.* at 8 (citing Action 2, Dkt. No. 6). Magistrate Judge Lovric noted that because the court in Action 2 did not dismiss Plaintiff's claims as frivolous or malicious, its dismissal without prejudice to re-filing those claims in *Flint I* "had the same force and effect as a dismissal without prejudice to re-filing in the existing action." *Id.* Moreover, Magistrate Judge Lovric noted that the Second Circuit has held that "where a complaint is dismissed but a plaintiff is given leave to amend the complaint, there is no strike because the suit continues and therefore the court's action falls outside of Section 1915(g)." *Id.* at 9 (citing *Cotton v. Noeth*, 96 F.4th 249, 256 (2d Cir. 2024) (citation and internal quotations omitted)). And, that non-strike status maintains even if the plaintiff does not

5

subsequently file an amended complaint. *Id.* (citing *Cotton*, 96 F.4th at 256). Considering that holding, together with the fact that Plaintiff's amended complaint in *Flint I* "did not include allegations similar to the allegations in Action 2[,]" Magistrate Judge Lovric found that the dismissal of Action 2 does not constitute a strike. *Id.* at 9.

Having found that at least two of the four actions raised by Defendants do not constitute a strike for the purposes of Section 1915(g), Magistrate Judge Lovric found that the court need not consider the remaining two actions, *id.* at 10 n. 3, and recommended that this Court deny Defendants' Motion, *id.* at 10. After reviewing the Report-Recommendation and Plaintiff's previously dismissed actions, the Court finds no clear error and adopts Magistrate Judge Lovric's recommendation to deny Defendants' Motion.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 32, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Defendants' Motion, Dkt. No. 29, be **DENIED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      July 9, 2026
            Albany, New York

_____
Anne M. Nardacci
U.S. District Judge